# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2024

Lyle W. Cayce
Clerk

No. 23-50486
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Hipolito Rodriguez-Gutierrez,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-758-2

———————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Hipolito Rodriguez-Gutierrez challenges his within-Guidelines 210-months' sentence, imposed following his guilty-plea conviction for conspiracy to import more than five kilograms of cocaine, in violation of 21 U.S.C. § 963. In doing so, he contends the court wrongly applied a three-level adjustment under Sentencing Guideline § 3B1.1(b) (applying

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

enhancement for "manager[s] or "supervisor[s]" where conspiracy "involved five or more participants or was otherwise extensive"), based on its finding he was a manager or supervisor of the conspiracy. (Although not listed as an issue on appeal, Rodriguez' brief also states "his sentence is unreasonable in light of the sentencing factors in 18 U.S.C. § 3553(a)". His brief, however, solely contends the court erred in applying the adjustment. Therefore, this substantive-unreasonableness contention, to the extent he makes one, is waived. "A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (citation omitted); *see also* Fed. R. App. P. 28(a)(7)–(8) (outlining requirements for appellant's brief).)

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

"The determination that a defendant qualifies for an enhancement for his role as a manager or supervisor is a factual finding reviewed for clear error." *United States v. Nava*, 624 F.3d 226, 229 (5th Cir. 2010). For the following reasons, the court did not clearly err.

An adjustment under § 3B1.1 applies if "the defendant either (1) exercised control over another participant in the offense, or (2) exercised management responsibility over the property, assets, or activities of a

criminal organization." *United States v. Delgado*, 672 F.3d 320, 345 (5th Cir. 2012) (*en banc*) (citation omitted); *see* Guideline § 3B1.1 cmt. n.2 (permitting sentencing enhancements in these circumstances). Although Rodriguez objected to information in the presentence investigation report (PSR), he failed to show that it was materially untrue. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013) (explaining defendant bears burden of showing PSR's material falsity). The record showed Rodriguez played a significant role in facilitating the concealment and transportation of large quantities of cocaine, and he was one of the few co-conspirators present at delivery. Our court has affirmed findings of a supervisory or managerial role under similar facts. *E.g.*, *Delgado*, 672 F.3d at 344–45 (affirming adjustment where defendant coordinated the transportation and delivery of narcotics).

AFFIRMED.